# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Jerry L Padilla Jr** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR03598-001JB** |
| | USM Number: **05873-051** |
| | Defense Attorney: **Ray Twohig, Retained** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **2, 3 and 4 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(C) | Distribution of Cocaine | 03/06/2009 | 2,3 and 4 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **1** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 14, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**December 28, 2011**
Date Signed

Defendant: **Jerry L Padilla Jr**
Case Number: **1:09CR03598-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **37 months**.

**A term of 37 months is imposed as to each of Counts 2, 3 and 4; said terms shall run concurrently for a total term of 37 months.**

The Court incorporates by references its Memorandum Opinion and Order, filed December 19, 2011 (Doc. 186)("MOO"). Defendant Jerry L. Padilla Jr., pursuant to a Plea Agreement, filed May 12, 2011 (Doc. 154)("Original Plea Agreement"), pled guilty to Counts 2 through 4 of the Indictment, charging him with violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being distribution of cocaine. Padilla Jr. also pled "guilty to a Grade A violation of his term of Supervised Release with respect to cause number 94-CR-618." Original Plea Agreement ¶ 3, at 2. The Original Plea Agreement stipulates to a sentence of 37-months imprisonment for Counts 2 through 4 of the Indictment. See Original Plea Agreement ¶ 6, at 3. The Original Plea Agreement stipulates to a 51-month sentence for Padilla Jr.`s supervised release violation. See Original Plea Agreement ¶ 6, at 3. The parties stipulated that these sentences will run consecutively. See Original Plea Agreement ¶ 6, at 3.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Padilla Jr. on August 12, 2011. The PSR grouped the guideline calculation for Counts 2 through 4. See PSR ¶ 43, at 15. The USPO calculated Padilla Jr.`s total offense level to be 33. See PSR ¶ 52, at 17. The PSR calculated a base offense level of 34 under U.S.S.G. § 2D1.1(c)(3) after converting the $441,008.00 discovered at co-Defendant Jerry L. Padilla III`s residence to 18.375 kilograms of cocaine and adding in the .3651 kilograms of cocaine from the transactions in which Padilla Jr. engaged. See PSR ¶ 44, at 15-16. The PSR included a 2-level upward adjustment under U.S.S.G. § 3B1.1(c) based on Padilla Jr.`s status as a leader or organizer of criminal activity. See PSR ¶ 47, at 16. The PSR included a 3-level reduction under U.S.S.G. § 3E1.1 based on Padilla Jr.`s acceptance of responsibility. See PSR ¶ 51, at 17. The PSR lists his criminal history category as III, based on 6 criminal history points. See PSR ¶ 60, at 24. The PSR calculated that an offense level of 33 and a criminal history category of III results in a guideline imprisonment range of 168 to 210 months. See PSR ¶ 98, at 33. There being no disputes about the factual findings in the PSR, the Court adopts them as its own.

Padilla Jr., pursuant to a modified Plea Agreement, filed September 13, 2011 (Doc. 171)("Modified Plea Agreement"), pled guilty to Counts 2 through 4 of the Indictment, charging him with violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being distribution of cocaine. Padilla Jr. also pled "guilty to a Grade A violation of his term of Supervised Release with respect to cause number 94-CR-618." Modified Plea Agreement ¶ 3, at 2. The Modified Plea Agreement stipulates to a sentence of 37-months imprisonment for Counts 2 through 4 of the Indictment. See Modified Plea Agreement ¶ 6, at 3. The Modified Plea Agreement stipulates to a 37-month sentence for Padilla Jr.`s supervised release violation. See Modified Plea Agreement ¶ 6, at 3. The parties stipulated that these sentences will run consecutively. See Modified Plea Agreement ¶ 6, at 3.

Padilla Jr. moves the Court for a 37-month sentence. The United States agreed to this sentence in the Plea Agreement. See Modified Plea Agreement ¶ 6, at 3. At the sentencing hearing on September 14, 2011, the parties agreed to the Court reducing Padilla Jr.`s offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 33 and a criminal history category of III results in a guideline imprisonment range of 168 to 210 months. The Court concluded in its MOO that, with respect to the guideline sentencing range for Padilla Jr.`s sentence for the revocation of his supervised release, a grade A violation and criminal history category of VI establish a guideline imprisonment range of 51 to 63 months. See MOO at 11-12. Pursuant to 18 U.S.C. § 3583(e)(3), the Court then reduced the guideline imprisonment range to 51 to 60 months based on the statutory maximum term of imprisonment upon revocation. See MOO at 12. The Court then varied to a sentencing range of 37 to 46 months, because the Honorable John Edwards Conway, United States District Judge, had incorrectly applied a criminal history category of VI when sentencing Padilla Jr. for the predicate offense. See MOO at 12. Judge Conway should have applied a criminal history category of IV. See MOO at 12.

The Court notes that between March 6, 2009, and March 18, 2009, Padilla Jr. and Padilla III sold .3651 kilograms of cocaine. The Court also notes that, on December 3, 2009, after months of ongoing investigations, officers executed search warrants at Padilla III`s residence. During the search, .74 grams of methamphetamine and 2.9 grams of cocaine were located, as were several items associated with drug trafficking, including plastic bags, digital scales, numerous cellular telephones, and disposable gloves. In addition, officers seized a total of $441,008.00 at Padilla III`s residence. The large amount of money and information gathered during the investigation, as well as the manner in which the money was packaged, indicates that it may be used in drug trafficking

or was proceeds from drug trafficking. That amount of money converts to 18.375 kilograms of cocaine.

The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Padilla Jr.`s offenses. The Court agrees with the parties that a sentence of 37 months for Counts 2 through 4, with an additional 37-months for violation of his supervised release, is sufficient to reflect the seriousness of these offenses. The United States has pointed to some weaknesses in its case if the case were to proceed to trial, including proving a criminal conspiracy beyond a reasonable doubt, that the money was found on Padilla III`s property as opposed to Padilla Jr.`s property, and that the United States has evidence regarding only three relatively minor drug transactions. The Court has in the past held that weaknesses in the United States` case may be grounds for a variance, because in some cases, such as this one, a sentence of some length is a more just punishment than no sentence at all. Padilla Jr. has an extensive criminal history, and it would not be just for him not to be punished with some incarceration. While the Court has many reservations about accepting the agreed upon sentence, the Court recognizes that the parties negotiated this sentence as part of an arms-length transaction. The Court must rely heavily on the United States` ability to assess the strength of its case. The Court understands that the burden of proof in sentencing proceedings is a preponderance of the evidence, while the United States must prove its case beyond a reasonable doubt at trial. The trial would have primarily focused on the three limited cocaine transactions. While the money being in Padilla III`s backyard indicates that there is a larger drug organization, the Court is aware that this fact complicates the United States` case and might not be proved beyond a reasonable doubt at trial. The Court recognizes that both parties` counsel are experienced and skilled, and may have been able to persuade the jury to find in their favor.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 37 months is appropriate to reflect the seriousness of Padilla Jr.`s crimes. The length of the sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). The Court recognizes that there was a real risk of the United States securing no conviction in this case, or a conviction for an amount of drugs significantly less than those the USPO converted from the money found in Padilla III`s backyard. The Court is also conscious that Padilla Jr. will serve a consecutive sentence in this case based on the revocation of his supervised release, which brings his total sentence -- 74 months -- closer to a guideline range sentence -- 168 to 210 months -- than his sentence for just Counts 2 through 4. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Padilla Jr. to 37-months imprisonment for each Counts 2 through 4. The terms of these sentences shall run concurrently, but consecutively to the 37-month sentence for the violation of his supervised release.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends La Tuna Federal Correctional Institution, Anthony, Texas-New Mexico, if the Defendant`s classification is low-risk; if it is not low-risk, the Court alternatively recommends to Phoenix Federal Correctional Institution, Phoenix, Arizona, if eligible.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
　　☐ at  on
　　☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　☐ before 2 p.m. on
　　☐ as notified by the United States Marshal
　　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Jerry L Padilla Jr**
Case Number: **1:09CR03598-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to each Counts 2, 3 and 4; said terms shall run concurrently for a total term of 3 years.**
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Jerry L Padilla Jr**
Case Number: **1:09CR03598-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal narcotics, United States currency and other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.

As to standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.

As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.

The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.

The Defendant shall submit to random drug testing. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.

Unless approved by the Probation Office, the Defendant shall not have any contact with identified members of the Los Padillas criminal organization or any other gang affiliation.

The Court orders that USPO Donnie Gassoway, nor any USPO supervised by USPO Gassoway, be involved in the supervision of Defendant.

Defendant: **Jerry L Padilla Jr**
Case Number: **1:09CR03598-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $300.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A  ☒  In full immediately; or
B  ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the Plea Agreement, the Defendant forfeits his rights, title, and interest in the following assets and properties: 2121 Celeste Road S.W., Albuquerque, New Mexico 87105.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.